Edson Camacho
350 Paloma Court
Martinez, CA 94553
(510) 853-4462
Defendant pro se

Osvaldina Lima
350 Paloma Court
Martinez, CA 94553
(510) 853-4462
Defendant pro se

FILED
2008 JUN 13 P 3:14
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S J.

United States District Court
Northern District of California

NICHOLAS ROBLES,

    *Plaintiff*,

vs.

EDSON CAMACHO, OSVALDINA LIMA, et al.

    *Defendants*.

No. **C 08 997 PVT**

MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT

Date:
Time:
Courtroom:

**MEMORANDUM IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT**

Plaintiff has obtained an entry of default based on proofs of service filed by Faheem Moore of "Professional" Process Service, who has claimed under penalty of perjury that he personally delivered Camacho and Lima's copies of the Summons and Complaint to Lima on May 4, 2008 at 5:01 pm. and mailed copies of these documents to them on May 6, 206 Camacho and Lima have declared that they were not at home at that time and never received any summons or complaint in the mail. Camacho has declared that on May 25, 2008, he found the copies of the Summons and Complaint stuck in the bushes by his house. Lima has declared that she has never met Faheem Moore and that neither Moore nor anyone else ever personally delivered any copies of the summons and complaint to her. What happened is that Faheem Moore (or someone else) came by the Camacho-Lima residence, found no one home, stuck the copies of the Summons and Complaint in the bushes out of laziness, and then filed false proofs of service, on which plaintiff has obtained entry of default. The proofs of service contain false

1
Memorandum in Support of Motion to Set Aside Entry of Default

statements on their faces because they list this court as the San Francisco County Superior Court with an address of 450 Golden Gate Avenue, San Francisco, California, this court is not the Superior Court, and the Superior Court is not at 450 Golden Gate Avenue.

Moreover, these proofs of service were *e-filed*. The clerk would not have accepted them for filing. Under ECF, only the attorney is supposed to efile documetns. These proofs therefore must have been e-filed by plaintiff's counsel, who saw nothing wrong with using a California State Judicial Council Form and listing a non-existent court on the form.

This is ridiculous. Service of a Summons and Complaint by sticking-in-bushes is unauthorized either by the Federal Rules of Civil Procedure or any other law, and the proofs of service do not set forth the actual method of service - sticking-in-bushes - but instead falsely claim under penalty of perjury that they were delivered to someone who was actually elsewhere on the date and time where such delivery was claimed, simply because Lima was the "lady of the house" and it would seem plausible that she would be the one at home.

Accordingly, the entry of default was improper and this court must set it aside. The court should also strike the proofs of service and consider imposing sanctions on Faheem Moore, plaintiff's attorney, or both.

_6-12-2008_
Date

_[signature]_
Edson Camacho

_6-09-2008_
Date

_Osvaldina Lima_
Osvaldina Lima
Defendants pro se