```
Edson Camacho
350 Paloma Court
Martinez, CA 94553
(510) 853-4462
Defendant pro se

Osvaldina Lima
350 Paloma Court
Martinez, CA 94553
(510) 853-4462
Defendant pro se
```

FILED
2008 JUN 13 P 3: 14
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# United States District Court
## Northern District of California

| | |
|---|---|
| NICHOLAS ROBLES,<br><br>*Plaintiff,*<br><br>vs.<br><br>EDSON CAMACHO, OSVALDINA LIMA, et al.<br><br>*Defendants.*<br><br>EDSON CAMACHO AND, OSVALDINA LIMA,<br><br>*Counterclaim Plaintiffs,*<br><br>vs.<br><br>NICHOLAS ROBLES,<br><br>*Counterclaim Defendant.* | No. **C 08 997 PVT**<br><br>COUNTERCLAIM |

## ANSWER TO COMPLAINT

1. Counterclaim plaintiffs are residents of the Northern District of California.

2. On information and belief, counterclaim defendant is a resident of the Northern District of California.

3. During the past two years, counterclaim defendant worked as an independent contractor for counterclaim plaintiffs and various other people, as a handyman performing construction related work.

4. During the last few years, counterclaim defendant used credit cards belonging to

counterclaim plaintiffs to purchase building materials, ostensibly for construction projects of counterclaim plaintiffs. Counterclaim plaintiffs would typically buy about 10% more than what they would need for a job, but they were discovering that toward the end of the jobs, they would need more building materials. In early 2007, counterclaim plaintiff Camacho went over to counterclaim defendant's rental properties on Ruby Street in Richmond, California, to look for him. Camacho went inside one of the units and found the same tile installed on the floor that counterclaim plaintiffs were using in a construction project. One of the counterclaim defendant's tenants told Camacho that counterclaim defendant's garage was filled with building materials. Camacho looked inside the garage and confirmed that it was full of building materials.

5. When asked about the materials, counterclaim defendant told Camacho that he had simply been storing the materials for counterclaim plaintiffs. Camacho accepted this at first, but when he went back a week or so later to get materials, he found half of them gone.

6. There were other instances in which materials were missing and instances in which counterclaim defendant bought materials for jobs of counterclaim plaintiffs that he was supposed to be performing work on and then abandoned the jobs. Also, when Camacho reviewed the credit card receipts, he learned that counterclaim defendant was buying items that were not being used on the corresponding construction job. Camacho had also reimbursed counterclaim defendant for purchases of materials that he later learned were purchased with store credits generated by counterclaim defendant's returning building materials that he had bought using counterclaim plaintiffs' credit cards.

7. Couterclaim plaintiffs finally stopped giving counterclaim defendant jobs after they learned that he had gone into a drug rehabilitation center because of his abuse of illicit drugs, including crack cocaine.

8. Upon information and belief, counterclaim plaintiffs allege that the value of the materials, items, and money counterclaim defendant took from them is in excess of $20,000 or in such amount as may be shown at trial.

### Count 1: Conversion

1  9. Counterclaim plaintiffs restate paragraphs 1 to 8 of this Counterclaim.

2  10. Counterclaim defendant converted property of counterclaim plaintiffs in an amount to be shown at trial.

3  11. Counterclaim plaintiffs are therefore entitled to an award of compensatory damages in the amount of the value of the converted property.

4  12. Counterclaim defendant acted willfully and maliciously, entitling counterclaim plaintiffs to an award of punitive damages.

### Count 2: Breach of Contract

5  13. Counterclaim plaintiffs restate paragraphs 1 to 12 of this Counterclaim.

6  14. In acting as described above, counterclaim defendant breached his contract with counterclaim plaintiffs to only use their credit cards to buy materials for their construction projects and not for any other purpose.

7  15. Counterclaim plaintiffs are therefore entitled to compensatory damages as described above for breach of contract.

### Count 3: Negligence

8  16. Counterclaim plaintiffs restate paragraphs 1 to 16 of this Counterclaim.

9  17. In the alternative, if counterclaim defendant was storing materials for counterclaim plaintiffs instead of appropriating them for himself, he acted negligently by letting people generally know he was storing the materials, failing to adequately lock away the materials, storing them in a high crime area, and failing to ensure that the stored materials were covered by theft insurance.

10 18. As a direct and proximate result of counterclaim defendant's negligence, the materials were stolen and lost to counterclaim plaintiffs, and counterclaim plaintiffs are entitled to the damages alleged above for negligence.

Wherefore, counterclaim plaintiffs pray that this court award them compensatory damages in an amount to be proven at trial, award punitive damages pursuant to Count 1 of the counterclaim, and award such other and further relief as the court may find proper.

```
    6-12-2008                              [signature]
 Date                                    Edson Camacho

    6-09-2008                              Osvaldina Lima
 Date                                    Osvaldina Lima

                                         Defendants pro se
```

4
Counterclaim

Case 3:08-cv-00997-JL   Document 18   Filed 06/13/2008   Page 4 of 4

_6-12-2008_          [signature]
Date          Edson Camacho

_6-09-2008_          Osvaldina Lima [signature]
Date          Osvaldina Lima

Defendants pro se

4
Counterclaim