Edson Camacho
350 Paloma Court
Martinez, CA 94553
(510) 853-4462
Defendant pro se

Osvaldina Lima
350 Paloma Court
Martinez, CA 94553
(510) 853-4462
Defendant pro se



United States District Court
Northern District of California

| NICHOLAS ROBLES, | No. **C 08 997 PVT** |
|---|---|
| Plaintiff, | DEFENDANTS' CASE MANAGEMENT CONFERENCE STATEMENT |
| vs. | |
| EDSON CAMACHO, OSVALDINA LIMA, et al. | Date: August 14, 2008<br>Time: 2:30 P.M.<br>Judge: Honorable Phyllis J. Hamilton |
| Defendants. | |

**DEFENDANTS' CASE MANAGEMENT
CONFERENCE STATEMENT**

Defendants have just returned from visiting their relatives in Brazil and apologize for filing their case management conference statement late.

### A. Factual Background

In 2006 and 2007, plaintiff worked as an independent contractor for defendants and others as a construction worker and general handyman. Defendants were engaged in building and refurbishing houses. They permitted plaintiff to use various credit cards to purchase building materials for the projects he was working on. Plaintiff was not an employee of defendants and defendants did not supervise his activities as an employee. Defendants fully paid plaintiff for his services as an independent contractor. During 2007, defendants discovered that plaintiff was charging additional building materials on defendants' credit cards than were being used on defendants' construction projects. Plaintiff was apparently using the extra materials on his own projects or reselling them. Defendants finally stopped giving plaintiff work in 2007 after

they learned that plaintiff had entered a residential rehabilitation center because of his abuse of illicit drugs. Defendants have counterclaimed for the value of the excess building materials plaintiff charged on their credit cards.

### B. Principal Issues

1. The principal factual issues that the parties dispute are:

    a. Plaintiff's status as an employee or independent contractor.

    b. Whether defendants owe plaintiff any money for allegedly unpaid services.

    c. Whether plaintiff owes defendants any money for excess building materials plaintiff allegedly charged / appropriated.

2. The principal legal issues that the parties dispute are:

    a. Federal jurisdiction (dependent on plaintiff being an employee, no jurisdiction if plaintiff is an independent contractor.)

    b. Plaintiff's status as an employee or independent contractor.

3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue remain unresolved:

    There is a dispute over federal subject matter jurisdiction.

4. The following parties have not yet been served:

    None known to defendants.

5. Any additional parties that a party intends to join are listed below:

    Defendants do not intend to join additional parties. The court should note that plaintiff has listed Doe defendants in his complaint.

6. Any additional claims that a party intends to add are listed below:

    Defendants presently do not intend to advance any additional claims.

### C. Alternative Dispute Resolution

Defendants are willing to participate in early neutral evaluation and a settlement conference after discovery has been completed. Defendants do not believe that this case is amenable to mediation or arbitration.

### D. Consent to Jurisdiction by a Magistrate Judge

Defendants are satisfied with the present judge that this case has been assigned to. They are aware that the Northern District's magistrate judges are highly regarded and are not of lesser quality than the district judges, and that several of the district judges formerly served as magistrate judges. Defendants would be more than willing to consent to assignment of this case to a magistrate judge for all purposes.

Plaintiff has stated that he is unwilling to have a magistrate judge preside at trial. As plaintiff has demanded a jury trial, and therefore whatever judge is assigned to trial would not be deciding the case but only ruling on evidence and procedural issues, it is not clear why plaintiff objects to having a magistrate judge preside at trial. Perhaps plaintiff thinks that a jury would award him more money if a "real" judge presided instead of a "mere" magistrate judge. Defendants of course realize that plaintiff is not required to consent to jurisdiction by a magistrate judge.

### E. Disclosures

Besides themselves, the following witnesses' testimony could be relevant to this case:

### F. Motions

The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation:

   a. Defendants' motion for summary adjudication on the issue of federal jurisdiction.

   b. Defendants' motions for summary judgment or summary adjudication, generally.

   c. Discovery and other motions as needed

### G. Discovery

By plaintiff: Plaintiff has not stated any discovery plan that he might have but has only said he will conduct discovery within the limitations of the Federal Rules.

By defendants: Defendants intend to serve interrogatories and requests for admission on plaintiff and document production requests on third parties. Defendants have not yet decided what other discovery may be necessary.

Limitations on discovery tools (specific number): None foreseen.

### H. Scheduling

Plaintiff did not consult defendants in preparing his proposed schedule. Defendants would suggest adding approximately 60 days to the dates set forth in plaintiff's schedule, a through e. Any trial scheduling would depend on the court's availability and should be set at a pretrial conference held after discovery is completed, which should be scheduled some time during the first half of September 2009.

### H. Identification of Parties

Plaintiff: NICHOLAS ROBLES.

Defendants: EDSON CAMACHO, OSVALDINA LIMA.

Dated: August 12, 2008.

_____
Edson Camacho

_____
Osvaldina Lima
Defendants pro se